UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                              Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                           13-CV-6058L

                              v.

EVEREST BUSINESS SERVICES, LLC,

                              Defendant.
_____

**INTRODUCTION**

      Plaintiff Xerox Corporation ("Xerox") commenced this action alleging breach of contract and conversion against defendant Everest Business Services, LLC. ("Everest"). Xerox seeks a money judgment against Everest for failure to pay monies due, or to return rented equipment,[1] pursuant to thirteen different equipment lease finance agreements and a maintenance agreement. (Dkt. #1). On February 8, 2013, the Summons and Complaint was personally served upon Everest's owner and Chief Executive Officer, Joseph Makarewicz. Proof of service was filed on February 27, 2013. (Dkt. #5). Everest has failed to appear or to answer the complaint.

      An initial Entry of Default was entered by the Clerk on April 18, 2013. (Dkt. #7).

      Plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), seeking a judgment of $2,330,209.20 in damages, plus $350.00 in disbursements, against Everest. (Dkt. #8). For the reasons set forth below, that motion is granted.

---

    [1] It appears from Xerox's submissions that the equipment at issue was returned at some point between the filing of this action and the present motion for default judgment. Xerox's damages calculations include a credit to Everest for the fair market value of equipment which was returned.

**FACTUAL ALLEGATIONS IN THE COMPLAINT**

According to the complaint, between June 15, 2010 and July 23, 2012, Everest executed thirteen equipment lease agreements and one maintenance agreement with Xerox. Each of the leases was considered a "finance lease," and gave Everest the option to purchase the leased equipment from Xerox the end of the lease term. The lease agreements and the maintenance agreement further provided that in the event of Everest's default, the equipment was to be returned to Xerox and Everest would immediately be required to pay, as liquidated damages and not as a penalty, the total of all amounts then due under the lease, plus interest, as well as the remaining payments due for the remainder of the term, the applicable purchase option, and all applicable taxes. Each agreement further stated that in the event of default, Everest would be responsible for Xerox's reasonable resultant costs, including attorneys fees.

Xerox duly delivered all of the agreed-upon equipment and rendered the agreed-upon maintenance services. However, Everest defaulted on its payments under each of the agreements.

The complaint and the instant motion seek damages for breach of contract, representing the total of: (1) unpaid "amounts due" under the leases; and (2) accelerated balances for the remainder of certain lease's terms; minus (3) repossession credits to Everest representing the market value of the leased equipment which was returned to Xerox. Xerox also seeks its costs and taxable disbursements spent in connection with the instant lawsuit.

**MOTION FOR DEFAULT JUDGMENT**

Initially, in order to secure a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or in some other manner, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once a default has been entered, the Court will accept as true the allegations of the complaint that establish the defendant's liability, and will carefully scrutinize those relating to

the amount of damages. *Id.*, 2008 U.S. Dist. LEXIS 39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered Everest's default and Xerox has shown that it is entitled to judgment against Everest, based on its decision not to respond to the complaint. However, the Court cannot merely accept at face value that Xerox is entitled to the particular relief it seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. The Court, therefore, must evaluate the merits of Xerox's claims and the relief it seeks. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.1990).

I have reviewed the allegations in the complaint, as well as the terms of the underlying lease and maintenance agreements, in detail. I accept as true Xerox's allegations that Everest contracted with it to lease and maintain equipment, and that Everest defaulted in its payment obligations under those leases. I have examined Xerox's supporting documentary evidence in support of its claims, including copies of the agreements, purchase orders, invoices, and fair market value tables, all of which represent damages totaling $2,330,209.20. Although the amount of damages sought is substantial, the damages appear to have been calculated accurately according to the terms of each of the subject agreements, and I have no reason to question the authenticity or accuracy of Xerox's business records. *See* Dkt. #8 and exhibits thereto; *Nwagboli v. Teamwork Transp. Corp.*, 2009 U.S. Dist. LEXIS 121893 at *6 (S.D.N.Y. 2009) (breach of contract damages may be awarded without a hearing where the damages amount is "susceptible to mathematical computation"). In fact, the

Court notes that Xerox has requested less than the full measure of damages it might otherwise have claimed under the agreements, by not requesting an award of attorneys fees. I am convinced that Xerox has established its claims that Everest breached the agreements at issue, and that Xerox is entitled to default judgment on those claims.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #8) is granted, and default judgment is granted to Xerox against Everest on its claims sounding in contract. Xerox is awarded damages for breach of contract in the amount of $2,330,209.20, plus prejudgment interest, calculated at the rate of 9% per annum from January 25, 2013 (a "reasonable intermediate date" with respect to the accrual of the claims), to the date of entry of this Order. *See* N.Y. CPLR §§5001, 5004; *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (where contractual damages arose on many occasions over time, Court may opt to fix a "reasonable intermediate date" from which to calculate prejudgment interest). Such interest adds up to $139,812.56, for a total compensatory damages figure of $2,470,021.76. Xerox's request for an additional award of $350.00 in costs is granted pursuant to Fed. R. Civ. Proc. 54(d) ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party"). Xerox is accordingly awarded total damages of $2,470,371.76.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 24, 2013.